**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

TA OPERATING LLC, )
)
Plaintiff, Counterclaim-Defendant, )
)
v. )  C.A. No. 12954-CB
)
COMDATA, INC. and FLEETCOR )
TECHNOLOGIES, INC., )
)
Defendants, Counterclaimants. )

### ORDER GRANTING PLAINTIFF'S FEE APPLICATION AND DENYING DEFENDANTS' FEE APPLICATION

WHEREAS:

A.    On December 15, 2010, TA Operating LLC ("TA") and Comdata, Inc. executed a merchant agreement (the "Merchant Agreement") with an expiration date of January 2, 2016.

B.    On December 14, 2011, TA and Comdata executed a RFID agreement and an amendment to the Merchant Agreement that extended its expiration date to January 2, 2022.

C.    On November 2, 2016, Comdata purported to terminate the Merchant Agreement based on TA's alleged breach of the RFID agreement.

D.    On November 30, 2016, TA filed a Verified Complaint (the "Complaint") against Comdata and its parent company, FleetCor Technologies, Inc. ("FleetCor") asserting four claims:  Count I sought declaratory relief under the

1

Merchant Agreement, Count II sought specific performance for defendants' breach of the Merchant Agreement, Count III asserted that defendants breached the implied duty of good faith and fair dealing under the Merchant Agreement, and Count IV asserted a claim under the Tennessee Consumer Protection Act ("TCPA").

E.     On December 22, 2016, Comdata and FleetCor filed a counterclaim, which was amended on February 23, 2017 (the "Counterclaim").

F.     On March 27, 2017, TA filed a Verified Supplement to the Complaint alleging, among other things, that in November and December 2016, defendants represented that their fee proposals "reflected substantially similar terms to those that Defendants had agreed with [TA's competitors]."[1]

G.     On September 11, 2017, after a four-day trial, the court issued a post-trial Memorandum Opinion ("Opinion") (i) ruling that TA was entitled to a judgment in its favor against Comdata (but not FleetCor) on Counts I and II of the Complaint, and on defendants' Counterclaim; (ii) ruling that Comdata was entitled to a judgment in its favor on Count IV (the TCPA claim); (iii) dismissing Count III as moot; and (iv) directing the parties to submit a form of final judgment and a schedule for resolving the issue of attorneys' fees and costs.

H.     On October 17, 2017, after the parties were unable to agree on a procedure for resolving the issue of attorneys' fees and costs, the court entered a

---

[1] Verified Suppl. to Compl. ¶¶ 140-142 (Dkt. 123).

scheduling order setting forth a process for resolving the parties' competing applications for attorneys' fees and costs and reserved entry of final judgment until the issue of attorneys' fees and costs was resolved.

I.      On October 24, 2017, TA submitted affidavits in support of its request for an award of attorneys' fees and costs under Section 13(c) of the Merchant Agreement.

J.      On October 31, 2017, defendants filed an application for an award of attorneys' fees and costs under the TCPA with respect to Count IV of the Complaint.

K.      The parties each filed briefs in opposition to the other side's application for an award of attorneys' fees and costs.

NOW, THEREFORE, on this 2nd day of April, 2018, IT IS HEREBY ORDERED as follows:

I.      **TA's Fee Application**

1.      TA contends that it is entitled under Section 13(c) of the Merchant Agreement to an award for all of the attorneys' fees and costs it incurred in this litigation as the prevailing party. Section 13(c) states as follows:

> In the event either party shall engage an attorney to enforce, protect, or preserve any rights it might have under this Agreement, the prevailing party in such suit shall be entitled to recover its reasonable attorney's fees and associated costs, in addition to any other relief to which it may be entitled.[2]

---

[2] JX0001 § 13(c).

2.     In support of its application, TA submitted affidavits from senior members of its legal team quantifying the total amount of attorneys' fees and costs it incurred in this litigation at $9,975,623.36 for the period from inception through September 30, 2017.[3]

3.     Defendants "do not dispute that TA is entitled to recover the majority of its fees and costs" but do contend that "TA is not entitled to recover the attorneys' fees and costs it incurred for its failed non-contractual TCPA claim and its failed claim against FleetCor."[4] Based on a line item review of the invoices submitted by TA's counsel, defendants contend that $1,076,912.84 should be deducted from TA's fee request: $1,051,339.84 for the TCPA claim and $25,573.00 for the claims against FleetCor.[5]

4.     In its reply, TA maintains that it is entitled to an award of all the fees and costs it has incurred in this litigation, and provides supplemental affidavits from its counsel quantifying the additional fees and costs it incurred from October 1, 2017 to November 30, 2017 at $388,644.30.[6] Based on a review of the line items

---

[3] Aff. of Robert S. Saunders ¶¶ 5, 25 (quantifying Skadden's fees and costs through September 30, 2017 at $2,657,141.59) (Dkt. 161); Aff. of Jane E. Wills ¶¶ 6, 35 (quantifying Ropes & Gray's fees and costs through September 30, 2017 at $7,318,481.77) (Dkt. 161).

[4] Defs.' Opp'n. ¶ 2 (Dkt. 173).

[5] *Id.* ¶¶ 15, 20-21.

[6] Supp. Aff. of Robert S. Saunders ¶ 8 (quantifying Skadden's fees and costs for October and November 2017 at $136,490) (Dkt. 176); Supp. Aff. of Jane E. Wills ¶ 8 (quantifying

identified in defendants' opposition, TA also submits (without conceding that any amount should be deducted from its request) that the amount attributable to the TCPA claim and the work associated with FleetCor would be no more than $529,598.54 in total, consisting of $520,648.94 for the TCPA claim and $8,949.60 for the claims against FleetCor.[7]

5.      Under Tennessee law, which governs the Merchant Agreement,[8] "the cardinal rule for interpreting contracts is to ascertain the intention of the parties and give effect to that intention."[9]  Importantly, as the Tennessee Court of Appeals recently stated, "[c]ontractual provisions creating a right to recovery of attorneys' fees are strictly construed and will be interpreted as an exception to the American rule 'only when a contract *specifically* or *expressly* provides for the recovery of attorney fees.'"[10]

6.      In support of its position that this court should adopt an "all-or-nothing" approach to interpreting Section 13(c) of the Merchant Agreement, TA relies

---

Ropes & Gray's fees and costs for October and November 2017 at $252,154.30) (Dkt. 176).

[7] Supp. Aff. of Robert S. Saunders ¶ 23 (Dkt. 176); Supp. Aff. of Jane E. Wills ¶¶ 24, 29 (Dkt. 176).

[8] JX0001 § 13(g).

[9] *Clark v. Rhea*, 2004 WL 63476, at *2 (Tenn. Ct. App. Jan. 13, 2004).

[10] *SK Food Corp. v. FirstBank*, 2017 WL 776116, at *4 (Tenn. Ct. App. Feb. 28, 2017) (quoting *Cracker Barrel Old Country Store, Inc. v. Epperson*, 284 S.W.3d 303, 309 (Tenn. 2009) (emphasis in original)).

primarily on the Tennessee Court of Appeals' decision in *Brunsting v. Brown*, which construed a provision similar to Section 13(c):

> In the event any party hereto fails to perform any of its obligations under this Agreement or in the event a dispute arises concerning the meaning or interpretation of any provision of this Agreement, the defaulting party or the party not prevailing in such dispute . . . shall pay all costs and expenses incurred by the other party in enforcing or establishing its rights hereunder . . .[11]

The core issue on appeal was whether the trial court erred in applying this provision to award the appellees fees for claims on which they did not prevail. The appellate court, which affirmed, explained the trial court's reasoning for doing so as follows:

> The Chancellor rejected this argument because all of the claims and counterclaims "arose from a common core of facts," and that the plaintiff's case could not be evaluated as a series of discrete claims.[12]

7. In contrast to the findings the trial court made in *Brunsting*, the TCPA claim was a discrete claim that was premised on a discrete set of facts that was not in common with the core facts underlying the contractual claims. Specifically, as explained in the Opinion, the *only* factual allegations TA identified to support its TCPA claim were "defendants' alleged misrepresentations that their 'fee proposals in November and later in December 2016 were the same or similar to those it had

---

[11] *Brunsting v. Brown*, 2001 WL 1168186, at *6 (Tenn. Ct. App. Oct. 4, 2001).

[12] *Brunsting*, 2001 WL 1168186, at *6; *see also id.* at *8 ("As the Chancellor found, there was a common core of facts involved, and such a lawsuit cannot be viewed as a series of discrete claims.").

agreed with Love's and Pilot.'"[13] Significantly, these representations were made *after* Comdata terminated the Merchant Agreement on November 2, 2016, and thus were irrelevant to TA's contractual claims. Nonetheless, these subsequent facts provided a basis for TA to assert a statutory claim under the TCPA, which requires that a plaintiff allege a violation of one of the acts specifically enumerated in Tenn. Code Ann. § 47-18-104(b).[14]

8. The *Brunsting* court began its analysis with the reminder that "[a] contract for attorney fees should be construed as any other contract."[15] And, while the appellate court noted that the language of the provision at issue was "broad and sweeping" so as to "clearly encompass[] equitable relief," its "parsing" of the contract led it to find simply that "it provides that the party not prevailing in a dispute concerning the meaning or interpretation of any provision of the Agreement shall pay the fees of the other party in enforcing or establishing its rights under the Agreement."[16]

9. Here, Section 13(c) of the Merchant Agreement provides that if a party to the Merchant Agreement initiates a suit to "enforce, protect, or preserve any

---

[13] Mem. Op. 96 (quoting Pl.'s Post-Trial Opening Br. 59-60).

[14] Mem. Op. 95.

[15] *Brunsting*, 2001 WL 1168186, at *6.

[16] *Id.*; *see also id.* at *7 ("The contract provides for fees incurred (1) in enforcing or establishing rights under the Agreement, and (2) in any dispute over the meaning or interpretation of the Agreement.").

rights" it might have under the Merchant Agreement, the prevailing party shall be entitled to recover its reasonable attorneys' fees and costs. The reference to "such suit" in Section 13(c) plainly refers to a suit to enforce, protect, or preserve one's contractual rights under the Merchant Agreement.

10. "When a contract provision provides for the recovery of attorney's fees from the unsuccessful party in the event litigation arises, the prevailing party is entitled to enforcement of the contract according to its express terms."[17] Under Tennessee law, the "term 'prevailing party' has commonly been defined as 'the party to a suit who successfully prosecutes the action or successfully defends against it, prevailing on the main issue, even though not necessarily to the extent of his original contention.'"[18]

11. Applying the rationale of *Brunsting* with these principles in mind, the court finds that a reasonable interpretation of Section 13(c) of the Merchant Agreement is that (a) the parties intended that the party who prevails on the main issue in a fight over enforcing, protecting, or preserving rights under the Merchant Agreement is entitled to fees for achieving that result without deduction for losing on subsidiary issues with respect to claims arising out of the same core of common

---

[17] *Clark*, 2004 WL 63476, at *2.

[18] *Dairy Gold, Inc. v. Thomas*, 2002 WL 1751193, at *4 (Tenn. Ct. App. July 29, 2002) (citing Black's Law Dictionary 1188 (6th Ed. 1990)).

8

facts, but (b) the parties did not reach any agreement on shifting fees for discrete claims arising out of a different set of facts that is not in common with those underlying a contractual claim concerning the Merchant Agreement. Based on this analytical framework, I conclude that TA is not entitled to fees for the TCPA claim but is entitled to fees with respect to the issues concerning FleetCor, which primarily concerned whether FleetCor could be liable for a breach of the Merchant Agreement even though it was not a signatory to that contract.[19]

12. The remaining issue is how much the court must deduct from the fees TA incurred to account for the TCPA claim. Having reviewed both parties' submissions on this point, I find that TA's estimate that $520,648.94 in fees and costs was attributable to the TCPA claim to be reasonable. This estimate is supported by affidavits from two leading members of TA's legal team who attest to performing a good faith allocation of the time entries that defendants identified in their opposition.[20] I credit these affidavits, the bottom line result of which comports with my own sense of the effort that likely was expended on the TCPA claim from my familiarity with the nature of the claim and its relative importance in this case.

---

[19] Mem. Op. 92-94.

[20] Supp. Aff. of Robert S. Saunders ¶¶ 15-24 (Dkt. 176); Supp. Aff. of Jane E. Wills ¶¶ 16-29 (Dkt. 176).

13.    Defendants have not objected to the reasonableness of TA's rates or hours or to TA receiving "fees on fees," *i.e.* the attorneys' fees TA incurred in connection with recovering its attorneys' fees and costs.  Defendants also have not objected to TA receiving pre-judgment interest (from the date TA paid the invoices in question) and post-judgment interest at the Delaware legal rate.

14.    Based on the foregoing, TA's application for an award of attorneys' fees and costs is GRANTED, and TA is awarded attorneys' fees and costs in the amount of $9,843,618.72 [*i.e.*, ($9,975,623.36 + $388,644.30) - $520,648.94], plus prejudgment and post-judgment at the Delaware legal rate.

## II.    Defendants' Fee Application[21]

15.    Section 109(e)(2) of the TCPA provides, as follows:

> In any private action commenced under this section, upon finding that the action is frivolous, without legal or factual merit, or brought for the purpose of harassment, the court may require the person instituting the action to indemnify the defendant for any damages incurred, including reasonable attorney's fees and costs.[22]

16.    Defendants contend that they are entitled to an award of attorneys' fees and costs under this provision on the theory that "TA asserted a frivolous TCPA

---

[21] TA argues that defendants' request for fees under the TCPA was waived.  I need not address this issue given my conclusion that the application is without merit.

[22] Tenn. Code Ann. § 47-18-109(e)(2) (West).

claim purely to increase the stakes of the suit, including to seek treble damages and to put privileged settlement communications before the Court."[23]

17.    Section 109(e)(2) of the TCPA is "designed to discourage frivolous or baseless claims."[24] It "is not intended to punish plaintiffs who can demonstrate wrongful acts on the part of defendants, but who are unable to prevail on their claims for other reasons."[25] As such, Tennessee courts "do not interpret the statutory term 'without legal or factual merit' to mean without sufficient merit to prevail, but rather as so utterly lacking in an adequate factual predicate or legal ground as to make the filing of such a claim highly unlikely to succeed."[26] "As the language of the statute makes clear, even where this prerequisite is met, whether or not to award fees is discretionary with the court."[27]

18.    Although TA ultimately did not prevail on its TCPA claim because it failed to prove causation, the claim was not frivolous, baseless, or brought for the purpose of harassment in my opinion. To the contrary, TA proffered evidence that led the court to find that Comdata made representations to TA that were "not entirely

---

[23] Def.'s Mot. for Reasonable Attorneys' Fees and Costs ¶ 1 (Dkt. 164) (internal citation and quotation omitted).

[24] *Rothberg v. Cincinnati Ins. Co.*, 2009 WL 10675318, at *3 (E.D. Tenn. Feb. 10, 2009).

[25] *Glanton v. Bob Parks Realty*, 2005 WL 1021559, at *9 (Tenn. Ct. App. April 27, 2005).

[26] *Id.*

[27] *Jordan v. Clifford*, 2010 WL 2075871, at *6 (Tenn. Ct. App. May 25, 2010) (internal citation and quotation omitted).

honest" to the effect that certain rates Comdata proposed to charge TA were what a "merchant similar in size to TA would pay." These representations were intended to induce TA to forego challenging Comdata's breach of the Merchant Agreement in order to go along with paying higher fees.[28] As noted above, these representations were made in mid-November and December of 2016—*after* Comdata already had terminated the Merchant Agreement—and provided a potential basis for relief independent of TA's contract claims. Defendants acknowledge as much.[29]

19. Relying on the District Court's observation in *Arch Wood Prot., Inc. v. Flamedxx, LLC* that "a plaintiff may recover under both a breach of contract claim and a TCPA claim as long as the damages are distinct,"[30] defendants argue that TA's TCPA claim must have been frivolous because TA "never had a theory of TCPA damages that was independent of their theory of contract damages."[31] I disagree.

20. As I read *Arch Wood*, the key point of the relevant passage is that a plaintiff may not obtain a double recovery for the same wrong. Although the theory of compensatory damages for TA's breach of contract and TCPA claims ended up being the same, that does not mean that the TCPA *claim* was frivolous or baseless.

---

[28] Mem. Op. 36-51, 98 n.413.

[29] Defs.' Opp'n to Certain Aspects of Pl.'s Appl. for Attorney's Fees and Costs ¶ 10 (acknowledging that the TCPA claim "is a separate claim that does not depend on the terms of contract") (Dkt. 166).

[30] *Arch Wood Prot., Inc. v. Flamedxx, LLC*, 932 F. Supp. 2d 858, 871 (E.D. Tenn. 2013).

[31] Defs.' Reply ¶ 4 (Dkt. 169).

It just means that TA could not recover the same measure of compensatory damages twice if it were able to prevail on both claims.

21. In sum, there was nothing frivolous or baseless in my judgment about TA asserting alternative theories to obtain the same measure of damages—one based on contract and the other based on the TCPA—where both claims were viable and one (the TCPA claim) afforded the possibility of additional damages.

22. Accordingly, defendants' application for an award of attorneys' fees and costs is DENIED.

* * * * *

23. The parties are directed to confer and submit a form of final judgment in accordance with the Opinion and this Order within five business days.

_____
Chancellor Andre G. Bouchard

13